IN the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST V. Alan JOHNSON, Attorney at Law.

Supreme Court

*No. 82–1159–D. Filed July 23, 1982.*
(Also reported in 322 N.W.2d 689.)

PER CURIAM. *Attorney disciplinary proceeding; attorney's license suspended.*

On June 17, 1982, the Board of Attorneys Professional Responsibility (Board) filed a complaint alleging that V. Alan Johnson, an attorney licensed to practice law in Wisconsin since 1969, and who resides in Manitowoc, was guilty of unprofessional conduct for having knowingly and wilfully converted to his own use approximately $910 while employed as a trust officer of a bank. The funds consisted of premiums for certificates of deposit purchased on behalf of the trust department customers and refund checks made payable to the bank. The complaint also alleged that on or about April 8, 1982, the respondent pleaded guilty before a federal magistrate for the Eastern District of Wisconsin to a charge of converting to his own use a $10 cash premium paid for the purchase of a

certificate of deposit to the bank. The charge was based on one of the conversions alleged in the complaint. As a result of the guilty plea, the respondent was sentenced to one year's probation and a $500 fine. The complaint also alleged that the money converted by the respondent has been refunded to the bank. It is alleged that the conversions constitute illegal conduct involving moral turpitude, in violation of SCR 21.05(1).

We referred the matter to the Hon. James A. Martineau as referee. The respondent admitted by answer the allegations of the complaint, and the parties entered into a stipulation by the terms of which the respondent waived the holding of a hearing and, with the concurrence of Board counsel, understood that the Board would ask the referee to recommend a 90-day suspension of his license to practice law and the payment of the costs of the disciplinary proceeding.

The referee filed his report and recommendation with the court on July 12, 1982, in which he found that the respondent had converted the funds as alleged in the complaint and concluded that such conduct violated SCR 21.05(1). The referee also found that the respondent has "repeatedly demonstrated a deep contrition and penitent attitude concerning his conduct . . . [and] that the respondent has forthrightly and repeatedly cooperated with the federal authorities and with the personnel of the Board . . . ." The referee recommended that the respondent's license to practice law in Wisconsin be suspended for 90 days and that he be ordered to pay the costs of the disciplinary proceeding.

We hereby adopt the findings, conclusions and recommendation of the referee.

It is ordered that the license of V. Alan Johnson to practice law in Wisconsin is suspended for a period of 90 days, commencing September 1, 1982.

It is further ordered that V. Alan Johnson pay to the Board of Attorneys Professional Responsibility the costs

of this disciplinary proceeding in the amount of $510.62, provided that if the costs are not paid within 60 days of the date of this order, the license of V. Alan Johnson to practice law in Wisconsin shall be suspended forthwith.

ABRAHAMSON, J., took no part.